# EXHIBIT "E"

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNIVERSAL PROPERTY SERVICES INC., and SYED KAZMI<br><br>Plaintiff,<br><br>vs.<br><br>LEHIGH GAS WHOLESALE SERVICES, INC, LEHIGH GAS WHOLESALE LLC, LGP REALTY HOLDINGS LP, CIRCLE K STORES INC and TMC FRANCHISE CORP.<br><br>Defendants. | Civil Action No. 3:20-cv-03315-FLW-TJB<br><br>**Motion Return Date:**<br>**September 21, 2020** |

## DECLARATION OF SHAMIKH KAZMI

1.   Pursuant to 28 U.S.C. § 1746, I, SHAMIKH KAZMI, hereby declare, certify, verify and state to the best of my knowledge under penalty of perjury that the following declaration is true and correct.

2.   This declaration is based upon my direct and personal knowledge, and if called as a witness, I could and would testify competently thereto.

3.   I am a principal of Plaintiff Universal Property Services, Inc. ("UPS").

4.   I am responsible for certain of the daily decisions made by UPS. In that respect, I am charged with the responsibility of communicating with Defendants' representatives on behalf of UPS.

5.   UPS is a corporation organized under the laws of New Jersey with its principal place of business in Allentown, New Jersey.

6.   I perform my duties on behalf of UPS in New Jersey.

7.   UPS was the owner of 17 gasoline stations pursuant to a series of written agreements between UPS and Defendants Circle K Stores, Inc. and/or TMC Franchise Corp.

8.   On August 20, 2019, UPS received a Notice of Assignment which stated that all of the agreements between UPS and Circle K Stores, Inc. were being assigned to "Lehigh Gas Wholesale LLC ("LGW"), LGP Realty Holdings LP (or subsidiaries of LGP Realty Holdings LP) ("LGP Holdings") and Lehigh Gas Wholesale Services, Inc. (or subsidiaries of Lehigh Gas Wholesale Services, Inc.) ("LGW Services"), each of which are subsidiaries of CrossAmerica Partners LP (LGW, LGP Holdings and LGW Services shall hereinafter be referred to as "Assignee"). *See* **Ex. 1.**

9.   The Notice of Assignment further provides:

Accordingly, from and after the Effective Date:

(1)   LGW shall replace _____ Circle K Stores, Inc. _____ as "Distributor" under your Contract of Sale Lessee Agreement, and thus will provide you with fuel in accordance with the terms of such Agreement.

(2)   LGW Services (or subsidiaries of LGW Services) shall   replace _____ Circle K Stores, Inc. _____ as "Landlord" under   your Station Lease Agreement, and

2

thus shall lease and        collect rent for the Marketing Premises.

In addition, please note that any guaranties executed by you, or security given by you, in connection with the Agreements shall continue to apply for the benefit of each of the Assignees.

*Id.*

10.     As such, it was my understanding based upon the express terms of the Notice of Assignment that any communications and dealings that I would be having with either my gasoline "Distributor" or my "Landlord" would now be with "Lehigh Gas Wholesale LLC ("LGW") and Lehigh Gas Wholesale Services, Inc. (or subsidiaries of Lehigh Gas Wholesale Services, Inc.) ("LGW Services")," respectively. *Id.*

11.     I have reviewed the Lehigh Defendants' Motion to Dismiss ("Lehigh Defendants' Motion to Dismiss").

12.     I have also reviewed the Declaration of Keenan D. Lynch, Esq. ("Lynch Declaration") filed in support of the Lehigh Defendants' Motion to Dismiss.

13.     The Lynch Declaration contends that "[t]he Lehigh Defendants have no employees or offices in New Jersey."

14.     I do not have personal knowledge of the specific employment status of the individuals who I communicated with in relation to UPS' operation of the 17 gasoline stations.

3

15.    However, by virtue of the Notice of Assignment, it stands to reason that any communications that I was having relating to gasoline distribution or tenancy issues were with "Lehigh Gas Wholesale LLC ("LGW") and Lehigh Gas Wholesale Services, Inc. (or subsidiaries of Lehigh Gas Wholesale Services, Inc.) ("LGW Services")" or those working on their behalf. *Id.*

16.    To that end, *after August 20, 2019*, I had repeated conversations, by way of phone, text message and email, with multiple individuals relating to gasoline distribution and tenancy issues.

17.    In each of those conversations, I was physically located in New Jersey.

18.    I also had personal meetings with individuals, presumably on behalf of "Lehigh Gas Wholesale LLC ("LGW") and Lehigh Gas Wholesale Services, Inc. (or subsidiaries of Lehigh Gas Wholesale Services, Inc.) ("LGW Services")," in New Jersey.

19.    By way of example, attached as **Exhibit 2** is a text message exchange between me and Marcello Ciminelli in December, 2019. In this exchange, Mr. Ciminelli and I are discussing his visit to Jersey City, New Jersey to discuss with me the status of parties' franchise relationship and the status of the credit card proceeds that Lehigh Defendants had withheld.

20.    In addition, attached as **Exhibits 3 through 8** are emails that I exchanged with various individuals *after August 20, 2019* involving gasoline

distribution and tenancy issues. In each of those instances, I sent the emails in these email exchanges while in New Jersey and, in return, the others directed their emails to me in New Jersey.

21.    Of particular note is that my computer allows me to track when my emails have been received by virtue of specific IP addresses and the date and time when emails were reviewed. *See* **Exhibit 9.**

22.    One particular IP address, 108.53.172.246, which I believe belongs to a device owned by Mr. Ciminelli, received and opened 9 emails from me in January and February, 2020. *Id.*

23.    I researched the physical location of the IP address associated with that device and my research reflects that the device was acquired in, or is located in, Jersey City, New Jersey. *See* **Exhibit 10.**

24.    As such, the statement in the Lynch Declaration that between 2018 and the present, no employees of the Lehigh Defendants travelled to New Jersey to speak with "Sayed Kazmi" or spoke with "Mr. Kazmi" on the phone about the 17 properties referenced in the lawsuit may be accurate, but is not candid.

25.    In addition, from January through March, 2020, I communicated with Brent Boehm, known to me as Director of Operations or Area Manager for Lehigh Defendants, over the telephone and through text messages, many of which were initiated by Boehm while I was in New Jersey.

26.    I have personal knowledge that Syed Kazmi spoke with and exchanged emails and text messages with, Joe Alfier, in his capacity as a representative of the Lehigh Defendants, on numerous occasions regarding the termination of the 17 gasoline stations sites as well as other matters relating to the gasoline stations after the assignment of the contracts to the Lehigh Defendants.

27.    I also have personal knowledge that: (i) Syed Kazmi sent emails in 2020 to David Hrinak, believed to a Vice President for the entity that owns or controls the Lehigh Defendants, all in relation to matters involving the gasoline stations and (ii) Syed Kazmi was in New Jersey when these communications were sent to, or initiated by Messrs. Alfier and Hrinak.

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on __17__ day of August, 2020 in Allentown, New Jersey.

SHAMIKH KAZMI

6