**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PETROLEUM MARKETING GROUP, INC., Plaintiff<br><br>vs.<br><br>UNIVERSAL PROPERTY SERVICES, INC. et al.,<br><br>Defendants. | Civil Action No.: 2:21-cv-04711-GLP |

### ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendants Universal Property Services, Inc. ("**Universal**") and Shamikh Kazmi ("**Kazmi**") (collectively, "**Defendants**") answer Petroleum Marketing Group, Inc.'s ("**PMG**") Complaint, assert Affirmative Defenses and bring Counterclaims as follows:

### ANSWER

### *Parties*

1.      Admitted on information and belief.

2.      Admitted.

3.      This allegation is directed to parties other than the Defendants.

4.      This allegation is directed to parties other than the Defendants.

5.      This allegation is directed to parties other than the Defendants.

6.      This allegation is directed to parties other than the Defendants.

7.      This allegation is directed to parties other than the Defendants.

8.      This allegation is directed to parties other than the Defendants.

9.      Admitted.

9875522.v1

*Jurisdiction and Venue*

10. Admitted.

11. Admitted.

*Responses to Factual Allegations*

12. Admitted.

13. Admitted.

14. Denied as a reference to the Parties' written contract that speaks for itself.

15. Denied.

16. To the extent that this allegation purports to summarize contractual terms, it is denied because the Parties' contract speaks for itself. By way of further answer, Universal purchased fuel from PMG pursuant to the procedures and prices set forth in the Parties' contract.

17. Denied. By way of further answer, Universal paid Orbit and MR3 to haul freight. That was the extent of the parties' relationship and of Orbit's and MR3's involvement in the matters that are the subject of this Action.

18. Denied. By way of further answer, Universal paid Orbit and MR3 to haul freight. That was the extent of the parties' relationship and of Orbit's and MR3's involvement in the matters that are the subject of this Action. The allegations of this Paragraph are further denied as, after reasonable investigation, Defendants are without sufficient facts or information to admit or deny the allegations of this Paragraph.

19. Denied as, after reasonable investigation, Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph.

9875522.v1

20.    Denied.  By way of further answer, Universal paid Orbit and MR3 to haul freight. That was the extent of the parties' relationship and of Orbit's and MR3's involvement in the matters that are the subject of this Action.

21.    Denied as a reference to written documents that speak for themselves and because, after reasonable investigation, Defendants are without sufficient facts or information to admit or deny the allegations of this Paragraph.

22.    Denied as a reference to written documents that speak for themselves and because, after reasonable investigation, Defendants are without sufficient facts or information to admit or deny the allegations of this Paragraph.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied as, after reasonable investigation, Defendants are without sufficient facts or information to admit or deny the allegations of this Paragraph

31.    Denied as, after reasonable investigation, Defendants are without sufficient facts or information to admit or deny the allegations of this Paragraph.

32.    Denied as, after reasonable investigation, Defendants are without sufficient facts or information to admit or deny the allegations of this Paragraph.

33. Denied as, after reasonable investigation, Defendants are without sufficient facts or information to admit or deny the allegations of this Paragraph.

34. The use of the legal term of art "agent" is denied as a legal conclusion. The remainder of this Paragraph is admitted.

35. Denied as, after reasonable investigation, Defendants are without sufficient facts or information to admit or deny the allegations of this Paragraph.

36. Admitted in part, denied in part. It is denied that Universal transports fuel into and through Pennsylvania. Universal pays freight haulers to transport fuel and does not transport fuel itself. It is admitted that Universal has sold fuel in Pennsylvania.

37. Denied as, after reasonable investigation, Defendants are without sufficient facts or information to admit or deny the allegations of this Paragraph.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied as, after reasonable investigation, Defendants are without sufficient facts or information to admit or deny the allegations of this Paragraph.

44. Denied.

45. Denied.

46. Denied.

47.     Denied as stated.  By way of further answer, Uzdil stated that PMG was purporting to terminate the Contract without providing the required 60 days' notice, and Kazmi stated that termination would be a breach of the Contract due to the lack of notice.

48.     Denied.

49.     Denied as, after reasonable investigation, Defendants are without sufficient facts or information to admit or deny the allegations of this Paragraph.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied as, after reasonable investigation, Defendants are without sufficient facts or information to admit or deny the allegations of this Paragraph.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied as, after reasonable investigation, Defendants are without sufficient facts or information to admit or deny the allegations of this Paragraph.

9875522.v1

64. Denied as a legal conclusion. To the extent deemed factual, the allegations of this Paragraph are denied.

65. Denied as, after reasonable investigation, Defendants are without sufficient facts or information to admit or deny the allegations of this Paragraph.

66. Denied as a conclusion of law. It is admitted only that Universal paid Orbit and MR3 to haul freight.

67. Denied. This information has been disclosed.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied as a legal exclusion. It is admitted only, as a matter of fact, that Universal paid PMG $177,000.00.

73. Denied as a legal conclusion.

74. It is denied that Universal is obligated to pay the amount identified in this Paragraph. It is admitted that Universal has not paid this amount.

### RESPONSE TO COUNT I

75. The foregoing paragraphs are incorporated by reference.

76. Denied as a legal conclusion.

77. Denied as a legal conclusion.

78. Denied as a legal conclusion.

79. Denied.

80. Denied as a legal conclusion.

9875522.v1

81.     Denied as a legal conclusion.

82.     Denied as, after reasonable investigation, Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph.

83.     Denied as a legal conclusion.

84.     Denied as a legal conclusion.

85.     Denied as a legal conclusion.

**WHEREFORE**, Defendants request judgment in their favor.

## RESPONSE TO COUNT II

86.     The foregoing paragraphs are incorporated by reference.

87.     Denied.

88.     Denied as, after reasonable investigation, Defendants are without sufficient knowledge or information to admit or deny the allegations of this Paragraph.

89.     Denied.

90.     Denied as a legal conclusion.

91.     Denied as a conclusion of law.  To the extent deemed factual, the allegations of this Paragraph are denied.

92.     Denied.

93.     Denied.

94.     Denied as a legal conclusion.

95.     Denied as a legal conclusion.

96.     Denied as a legal conclusion.

**WHEREFORE**, Defendants request judgment in their favor.

## RESPONSE TO COUNT III

9875522.v1

97.    The foregoing paragraphs are incorporated by reference.

98.    Denied as a legal conclusion.

99.    Denied as a legal conclusion.

100.    Denied.

101.    Denied.

102.    Denied as a legal conclusion.

103.    Denied as a legal conclusion.

104.    Denied as a legal conclusion.

**WHEREFORE**, Defendants request judgment in their favor.

## RESPONSE TO COUNT IV

105.    The foregoing paragraphs are incorporated by reference.

106.    Denied.

107.    Denied.

108.    Denied.

109.    It is admitted that the subject fuel has a price.  It is denied that the price is other than the agreed contractual rate.

110.    Denied as a legal conclusion.

111.    Denied as a legal conclusion.

112.    Denied as a legal conclusion.

**WHEREFORE**, Defendants request judgment in their favor.

## RESPONSE TO COUNT IV

113.    The foregoing paragraphs are incorporated by reference.

114.    Denied as a legal conclusion.

9875522.v1

115.    Denied as a legal conclusion.

116.    Denied as a legal conclusion.

117.    Denied.

118.    Denied as a legal conclusion.

**WHEREFORE**, Defendants request judgment in their favor.

### RESPONSE TO COUNT VI

119.    The foregoing paragraphs are incorporated by reference.

120.    Denied as a legal conclusion.

121.    Denied as a legal conclusion.

122.    Denied as a legal conclusion.

**WHEREFORE**, Defendants demand judgment in their favor.

### AFFIRMATIVE DEFENSES

1.    PMH has failed to state a claim upon which relief may be granted.

2.    PMG's claims are barred by the doctrine of waiver.

3.    PMG's claims are barred by the doctrine of estoppel.

4.    PMG's claims are barred by the doctrine of accord and satisfaction.

5.    PMG's claims are barred by the doctrine of novation.

6.    PMG failed to mitigate its damages.

7.    PMG's claims are barred by the doctrine of release.

8.    PMG committed the first material breach of the parties' contract.

9.    PMG failed to provide 60 days' notice of termination of the parties' contract.

10.    PMG is wrongfully holding Universal's deposit of $100,000.00.

9875522.v1

11.     PMG's claims are barred by the doctrine of payment, as Universal has paid all sums due and owing under the parties' contract.

12.     PMG's claims are barred by the statute of frauds.

13.     PMG's claims are barred by the gist of the action doctrine because its claims depend on contractual obligations.

14.     PMG's claims are barred by the doctrine of mutual mistake.

15.     PMG's claims are barred by the doctrine of consent.

16.     PMG's claims are barred by the doctrine of duress.

17.     Kazmi is not a party to any agreement between Universal and PMG.

18.     Kazmi acted at all relevant times in his capacity as a director or office of Universal.

19.     There are no grounds to hold Kazmi individually liable for the alleged debts of Universal.

20.     Defendants MR3 Logistics, LLC and Orbit Freight Lines, LLC are not agents of Universal or Kazmi; they are hired contractors who haul freight.

**WHEREFORE**, Defendants request judgment in their favor.

### COUNTERCLAIMS

Counterclaimant Universal Property Systems, Inc. ("**Universal**") asserts counterclaims against Counterclaim Defendant Petroleum Marketing Group, Inc. ("**PMG**") as follows:

*Parties*

1.     Universal is a New Jersey corporation with a principal place of business in Allentown, New Jersey.

2.     PMG is a Maryland corporation with a principal place of business in Falls Church, Virginia.

9875522.v1

### *Jurisdiction and Venue*

3.      This Court has jurisdiction pursuant to 28 U.S.C. 1332 because the parties are citizens of different states and more than $75,000.00 is at issue.

4.      Universal has waived any objection to venue in this Court.

### *Factual Background*

5.      The foregoing paragraphs are incorporated by reference.

6.      Universal is a reseller of fuel.

7.      Universal purchased fuel from a wholesale provider, which had exclusively been PMG, and then sold that fuel to individual customers, predominantly gas stations.

8.      On February 3, 2021, Universal entered into a contract with PMG to purchase fuel from PMG (the "**Contract**").

9.      The Contract established pricing as well as the purchasing minimum and maximum.

10.      The Contract required Universal to pay a $100,000.00 deposit (the "**Deposit**") to PMG, and Universal did so.

11.      From time to time, Universal's fuel needs exceeded its maximum purchasing ability under the Contract.

12.      The Contract, however, allowed Universal to purchase 120% of its daily allocation on any given day, or 110% of its weekly and monthly allocation at its contractual rates.

13.      In February 2021, PMG provided "rack pins" to Universal so that it could continue to draw fuel after exhausting its contractual allocation.

14.      Subsequently, PMG allowed Universal to utilize the "rack pins" to draw fuel when it had exhausted its contractual limit, and PMG routinely did so.

9875522.v1

15. PMG did not require specific authorization for each occasion on which Universal utilized the "rack pins" to draw fuel.

16. At no time did PMG require Universal to request "new consent" to use "rack pins" to purchase fuel on any particular date.

17. At no time did PMG ever object to Universal's continued use of the "rack pins" to draw fuel after it had exhausted its contractual allocation in a particular time period.

18. On every occasion that Universal purchased fuel from PMG using PMG's "rack pin," Universal had PMG's consent.

19. In fact, PMG has software applications that allow it to monitor in real time how much fuel is being drawn by any customer, and it has the ability to prevent any customer from continuing to draw fuel at any time.

20. PMG is also fully aware of which customers draw fuel using the "rack pins" as carriers must identify themselves as part of the process to draw fuel using "rack pins."

21. In July 2021, just five months into the Contract, PMG informed Universal that it was unilaterally and without any prior notice terminating the Contract unless Universal agreed to pay prices in excess of those specified in the Contract.

22. PMG indicated that it was terminating the Contract because the owner of PMG deemed the Contract not sufficiently profitable so PMG was "cutting off" Universal immediately unless it agreed to pay higher rates.

23. Thereafter, the parties' discussed and negotiated how they would move forward in light of PMG's purported termination of the Contract.

24. During that time, Universal continued to draw fuel, and PMG did not object.

9875522.v1

25.     On August 10, 2021, PMG abruptly shut off Universal's ability to purchase fuel and ceased all discussions regarding the parties' continuing relationship.

26.     As a result, Universal was without any fuel supplier.

27.     Universal was unable to find a replacement provider.

28.     As a result, Universal lost millions of dollars in revenue before being forced to shut down the business.

## COUNT I – BREACH OF CONTRACT

29.     The foregoing paragraphs are incorporated by reference.

30.     PMG and Universal are parties to the Contract.

31.     PMG breached the Contract by failing to provide the required amount of product.

32.     PMG breached the Contract by unilaterally shutting off Universal's ability to purchase fuel without providing the Contractually required 60-days' notice.

33.     As a result of PMG's breach of the Contract, Universal incurred damages, including but not limited to the anticipated profits over the remainder of the Contract, a sum that would have exceeded $20 million.

34.     The Contract allows the prevailing party in this Action to recover its attorney's fees and costs.

**WHEREFORE**, Universal respectfully requests that the Court enter judgment in its favor and against PMG in an amount in excess of $20 million, attorneys' fees and costs and such other relief as the Court deems just.

Respectfully submitted,

/s/ *Jordan Rand*
Jordan M. Rand, Esq.
**KLEHR HARRISON**
**HARVEY BRANZBURG LLP**

9875522.v1

1835 Market Street, 14th Floor
Philadelphia, PA  19103
Telephone:  215-569-3024
jrand@klehr.com
*Attorneys for Defendant Universal
Property Services, Inc.*

Date: February 18, 2022

9875522.v1

## CERTIFICATE OF SERVICE

I, Jordan M. Rand, hereby certify that on February 18, 2022, the foregoing Answer, Affirmative Defenses and Counterclaims was served on all counsel of record via electronic mail and was filed electronically. The documents are available for viewing and downloading from the Court's ECF system.

*/s/ Jordan M. Rand*
Jordan M. Rand

Date: February 18, 2022

9875522.v1