**IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| PETROLEUM MARKETING GROUP, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO.: 22-2410 |
| UNIVERSAL PROPERTY SERVICES, INC., MR3 LOGISTICS LLC, ORBIT FREIGHT LINES, LLC, and SHAMIKH KAZMI, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT UNIVERSAL PROPERTY SERVICES, INC.'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Petroleum Marketing Group, Inc. ("PMG" or "Plaintiff"), files this Opposition to the Partial Motion for Summary Judgment on Counterclaim Count I, filed by Defendant, Universal Property Services, Inc. ("Universal" or "Defendant").

As set forth more fully in the accompanying Brief in Support of Plaintiff's Opposition, Universal has failed to meet its burden to show there are no genuine issues of material fact and that, as a matter of law, judgment should be entered in its favor. Among the many reasons to deny Universal's motion, there are obviously a number of factual issues at this point, not the least of which is whether the 2021 Unbranded Sales Agreement ("Contract") – the underlying premise of Universal's Counterclaim I – was in force at the time Universal alleges Plaintiff breached such agreement.[1] The agreement—upon which Universal premises its claim—was terminated. The

---

[1] There have not yet been any depositions, and document discovery has been delayed largely by Defendants' obstruction. In any event, the record will be clear that no such Contract was in force.

parties *mutually* terminated the Contract in July 2021.  This is further confirmed by the parties' admitted actions and conduct, including their use of an entirely new pricing formula after they terminated the Contract. This and other material facts and evidence establish that, when viewed in the light most favorable to Plaintiff as this Court must do in addressing a motion for summary judgment, Universal's Motion cannot possibly succeed, and its claim will ultimately fail at trial (if not earlier in a summary judgment motion once discovery is complete).  Indeed, if anything, summary judgment would be proper against Universal on its Counterclaim because, as the ongoing discovery will ultimately establish, the evidence will prove there is no genuine dispute that the agreement was, in fact, mutually terminated and thus Universal's claim cannot possibly succeed.

Even if the Contract was in force, which it was not, Plaintiff's affirmative defenses also prohibit summary judgment from being entered in favor of Universal. For one, Universal breached the Contract when it failed to make payment to Plaintiff within three (3) days of obtaining fuel from the Woodbury Terminal. Despite removing fuel from the Terminal in July 2021, Universal did not pay a single dime for the removed fuel until August 20, 2021 at the earliest. Universal's own breach of the Contract foreclosed its attempt to recover under the Contract. Second, there is, at minimum, a genuine issue of material fact on whether the parties effected a novation. Since the elements required to establish a novation rely heavily on the parties' intentions, and since there has been little discovery at this time into such facts, the question cannot be decided on summary judgment at this time.

Moreover, in addition to the foregoing, the Court should, at a minimum, deny Universal's motion pursuant to Federal Rule of Civil Procedure 56(d).  To date, discovery is ongoing, and because Defendants have not complied with discovery requests, including Court-ordered

2

discovery.[2]    Despite Plaintiff's diligence and substantial efforts to obtain discovery from Defendants for basic documents, Plaintiffs have been stonewalled, to the point where depositions have yet to occur while attempting to obtain the requested documents needed for taking Defendants depositions. Among these include Universal's principal, Syed Kazmi, whose testimony will establish the negotiations and communications in July 2021 by which the agreement was terminated while the parties operated under different terms.[3] Pursuant to Fed.R.Civ.P. 56(d), Plaintiff attaches, as Exhibit "8", a declaration setting forth the discovery that needs to be completed, but has not, largely due to delays by Defendants (including non-compliance for which the Court has issued sanctions against all Defendants, including Universal).

For these reasons, and those set forth more fully in the accompanying Brief, which is incorporated herein, Plaintiff respectfully requests that the Court deny Universal's Partial Motion for Summary Judgment on Counterclaim Count I.

---

[2]    As recently as March 3, 2023, the Court (Magistrate Judge Ruksanna Singh) sanctioned Defendants for such noncompliance with the Court's discovery orders and Plaintiff's requests to date.

[3]    In September 2022, Plaintiff made three unsuccessful attempts to serve personally serve a Rule 45 Document Subpoena upon Universal's President, Syed Kazmi. Despite evidence that Syed Kazmi lived at the address where Plaintiff attempted to make service, including packages addressed to Syed Kazmi, the residents of the house denied that he lived there. Plaintiff then moved this Court to allow the Subpoena be served by certified mail, return receipt requested, which the Court granted. (D.E. 61); (D.E. 66.) In compliance with the Court's order, on November 8, 2022, Plaintiff served Syed Kazmi by certified mail, return receipt requested. (*See* D.E. 75 at Ex. 1.) Syed Kazmi has not responded to Plaintiff's Subpoena, requiring Plaintiff to file a motion to compel his compliance, which is still pending before the Court. (*See* D.E. 75.)

Respectfully submitted,

/s/ Frederick P. Santarelli
FREDERICK P. SANTARELLI
ZACHARY R. GREER (admitted *pro hac vice)*
ELLIOTT GREENLEAF, P.C.
UNION MEETING CORPORATE CENTER V
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
215-977-1000

*Counsel for Plaintiff,*
*Petroleum Marketing Group, Inc.*

Dated: March 6, 2023