# EXHIBIT "8"

**IN THE UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| PETROLEUM MARKETING GROUP, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO.: 22-2410 |
| UNIVERSAL PROPERTY SERVICES, INC., MR3 LOGISTICS LLC, ORBIT FREIGHT LINES, LLC, and SHAMIKH KAZMI, | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DECLARATION OF FREDERICK P. SANTARELLI**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)**

Pursuant to Federal Rule of Civil Procedure 56(d), the undersigned, Frederick P. Santarelli, do hereby declare the following statements are true and correct to the best of my knowledge:

1. I am over 18 years of age, I have personal knowledge of the matters stated below;

2. As Plaintiff's counsel, I am authorized to make this Declaration on behalf of Plaintiff, and the information below is true and correct to the best of my knowledge;

3. The factual discovery deadline in this matter is set to expire on May 1, 2023;

4. Discovery is ongoing following some delays due to various reasons and motions reflected on the docket. As recently as March 3, 2023, the Court entered another order requiring Universal to produce documents on its Counterclaim by March 27, 2023.

5. On February 7, 2023, Plaintiff served its Second Set of Requests for the Production of Documents under F.R.C.P. 34 upon Defendant Universal Property Services, Inc. ("Universal");

6. Universal's response to those Requests is due March 9, 2023;

7.    For the reasons set forth in Plaintiff's opposition to Universal's motion for partial summary judgment on its Counterclaim, said motion should be denied out right because of Universal's failure to meet its burden. However, in addition to such failures, and to the extent this Court entertains Universal's motion, it should be otherwise denied pursuant to Rule 56(d).

8.    Plaintiff is unable to fully respond to Universal's Motion because Plaintiff does not possess all necessary information, as the discovery process is still ongoing, and relevant information is still in the possession of Universal;

9.    For example, as explained more fully in Plaintiff's opposition to Universal's motion, to fully respond, Plaintiff will need to obtain discovery concerning the Parties' negotiations in July 2021 concerning the termination of the 2021 Unbranded Sales Agreement and the ongoing conduct and course of performance between the parties;

10.    Discovery into these issues will be obtained through depositions of the Parties, and their representatives, specifically Universal and its principals, Shamikh and Syed Kazmi;

11.    Defendants, including Universal's President Syed Kazmi, have systematically evaded court orders and the Federal Rules of Civil Procedure, slowing down the discovery process despite Plaintiff's best efforts to obtain relevant and discoverable information; and

12.    Plaintiff plans to depose Universal, pursuant to Rule 30(b)(6), on a number of theories once paper discovery has ended so that a second deposition does not need to occur in the event more documents are produced. Pursuant to Rule 30(b)(6), Plaintiff has served corporate designee notices and the parties will need to meet and confer on the topics and schedules. Copies of the Notices of Defendants pursuant to Rule 30(b)(6) are attached for the Court's information.

I understand that knowingly false statements made herein are made subject to the penalties of 28 U.S.C. § 1746, relating to unsworn falsifications to authorities.

DATE: March 6, 2023

FREDERICK P. SANTARELLI
Counsel for Plaintiff
Petroleum Marketing Group, Inc.

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PETROLEUM MARKETING GROUP, INC., : : : | |
| Plaintiff, : : | |
| v. : : : | **CIVIL ACTION NO.: 22-2410** |
| UNIVERSAL PROPERTY SERVICES, : INC., MR3 LOGISTICS LLC, : ORBIT FREIGHT LINES, LLC, and : SHAMIKH KAZMI, : : : | |
| Defendants. : : | |

**NOTICE OF DEPOSITION DIRECTED TO**
**UNIVERSAL PROPERTY SERVICES, INC.**

TO:   Jordan M. Rand, Esq.              Universal Property Services, Inc.
      1835 Market Street, Suite 1400     6 Lenn Road
      Philadelphia, PA 19103             Allentown, NJ 08501
      jrand@klehr.com

Pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff gives notice that Plaintiff will conduct deposition of Universal Property Services, Inc. (Universal") commencing at 10:00 a.m. on April 13, 2023, at the offices of Elliott Greenleaf, P.C., 925 Harvest Drive, Suite 300, Blue Bell, PA 19422, with such deposition continuing until completed.  The testimony shall be recorded by video, stenographic, and/or any other electronic means before a person(s) authorized by law to administer oaths.

The matters for examination are the following:

1.  The removal of motor fuel and/or fuel product from the Woodbury Terminal.

2.  The use of PMG's rack-pin at the Woodbury Terminal.

3. Agreements and communications between Universal and PMG concerning the Unbranded Sales Agreement, including negotiations, entry, and/or modification of the Unbranded Sales Agreement.

4. Universal's relationship with MR3 Logistics, LLC and/or Orbit Freight Lines, LLC concerning the removal and/or transportation of fuel from the Woodbury Terminal.

5. Universal's communications with MR3 Logistics, LLC and/or Orbit Freight Lines, LLC concerning the removal of fuel from the Woodbury Terminal.

6. The WhatsApp communications identified as UNIV1769, including the contents of the messages and the method in which the messages were downloaded and produced.

7. Communications between Universal and PMG concerning the "Contract", as defined by paragraph 8 of Universal's counterclaim.

8. The factual basis for Universal's allegation that PMG breached the "Contract", as defined by paragraph 8 of Universal's counterclaim.

9. Suppliers utilized by Universal to access motor fuel and/or fuel product.

10. The document produced as UNIV1439, including who created it, the purpose for creation, and the information contained in the document.

11. The location(s) where fuel from the Woodbury Terminal was delivered, including the entities who operate businesses at those locations.

12. The location(s) (including by property address, name of store or business, and contact person) where petroleum or motor fuel was delivered related to the invoices (UNIV002789-003746) that identify the billed entity as "MR3 NJ" with an address of "MR3 NJ."

13. The operations and business structure of Universal.

14. The ownership and organization structure of Universal, including the identity of its shareholders, directors, and employees; bylaws; Articles of Incorporation; and corporate books and records.

15. The factual basis for Universal's allegation and calculation of damages, including Universal's allegations in paragraphs 28 and 33.

16. The "ten contract customers", including their terms, identified in Universal's response to Plaintiff's Interrogatory No. 10, including the customer identities and the termination of customer contracts.

17. The termination of customer contracts as alleged in response to Plaintiff's Interrogatory No. 10, including the identity of the customers who terminated their contracts.

18. Accountants/bookkeepers used by Universal.

19. The financial status of Universal, including its assets and liabilities, profits, losses, debts incurred, judgments against, and tax returns.

20. The invoices identified as UNIV1824-2781, including their contents, creation of the invoices, and delivery of invoices to customers.

21. The bank documents identified as UNIV1440-1768.

22. The process in which Universal received payment from its customers.

23. Universal's attempts to mitigate its alleged damages, including any actions toward obtaining fuel product from other sources.

24. Communications between Universal (including its agents, directors, shareholders, or other acting on behalf of Universal) and MR3 Logistics, LLC and/or Orbit Freight Lines, LLC (including their agents, directors, shareholders, or other acting on behalf of MR3 and/or Orbit) concerning this litigation and/or its subject matter.

Respectfully submitted,

*/s/ Frederick P. Santarelli*
FREDERICK P. SANTARELLI
ZACHARY R. GREER (admitted *pro hac vice)*
ELLIOTT GREENLEAF, P.C.
UNION MEETING CORPORATE CENTER V
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
215-977-1000

*Counsel for Plaintiff,*
*Petroleum Marketing Group, Inc.*

Dated: March 6, 2023

## **CERTIFICATE OF SERVICE**

The undersigned hereby certified that I caused the foregoing to be served on the

following counsel of record via electronic mail:

Jordan M. Rand, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA 19103
jrand@klehr.com
*Counsel for Defendants*

Respectfully submitted,

*/s/ Frederick P. Santarelli*
FREDERICK P. SANTARELLI
*Counsel for Plaintiff*

Dated: March 6, 2023

# EXHIBIT "B"

**IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| **PETROLEUM MARKETING GROUP, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **CIVIL ACTION NO.: 22-2410** |
| **UNIVERSAL PROPERTY SERVICES, INC., MR3 LOGISTICS LLC, ORBIT FREIGHT LINES, LLC, and SHAMIKH KAZMI,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**NOTICE OF DEPOSITION DIRECTED TO
SYED KAZMI**

TO:    Jordan M. Rand, Esq.        SYED Kazmi
          1835 Market Street, Suite 1400    6 Lenn Road
          Philadelphia, PA 19103          Allentown, NJ 08501
          jrand@klehr.com

Pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff gives notice that Plaintiff will conduct deposition of Syed Kazmi commencing at 4:00 p.m. on April 13, 2023, at the offices of Elliott Greenleaf, P.C., 925 Harvest Drive, Suite 300, Blue Bell, PA 19422, with such deposition continuing until completed. The testimony shall be recorded by video, stenographic, and/or any other electronic means before a person(s) authorized by law to administer oaths.

Respectfully submitted,

*/s/ Frederick P. Santarelli*
FREDERICK P. SANTARELLI
ZACHARY R. GREER (admitted *pro hac vice)*
ELLIOTT GREENLEAF, P.C.
UNION MEETING CORPORATE CENTER V
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
215-977-1000

*Counsel for Plaintiff,*
Dated:  March 6, 2023         *Petroleum Marketing Group, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certified that I caused the foregoing to be served on the

following counsel of record via electronic mail:

Jordan M. Rand, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA 19103
jrand@klehr.com
*Counsel for Defendants*

Respectfully submitted,

*/s/ Frederick P. Santarelli*

Dated: March 6, 2023

FREDERICK P. SANTARELLI
*Counsel for Plaintiff*

# EXHIBIT "C"

**IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PETROLEUM MARKETING GROUP, INC.,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO.: 22-2410** |
| : | |
| **UNIVERSAL PROPERTY SERVICES, INC., MR3 LOGISTICS LLC, ORBIT FREIGHT LINES, LLC, and SHAMIKH KAZMI,** : | |
| : | |
| **Defendants.** : | |
| : | |

**NOTICE OF DEPOSITION DIRECTED TO
<u>SHAMIKH KAZMI</u>**

TO:  Jordan M. Rand, Esq.            Shamikh Kazmi
     1835 Market Street, Suite 1400   6 Lenn Road
     Philadelphia, PA 19103           Allentown, NJ 08501
     jrand@klehr.com

Pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff gives notice that Plaintiff will conduct deposition of Shamikh Kazmi commencing at 1:00 p.m. on April 13, 2023, at the offices of Elliott Greenleaf, P.C., 925 Harvest Drive, Suite 300, Blue Bell, PA 19422, with such deposition continuing until completed. The testimony shall be recorded by video, stenographic, and/or any other electronic means before a person(s) authorized by law to administer oaths.

Respectfully submitted,

*/s/ Frederick P. Santarelli*
FREDERICK P. SANTARELLI
ZACHARY R. GREER (admitted *pro hac vice)*
ELLIOTT GREENLEAF, P.C.
UNION MEETING CORPORATE CENTER V
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
215-977-1000

*Counsel for Plaintiff,*
Dated:  March 6, 2023                    *Petroleum Marketing Group, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certified that I caused the foregoing to be served on the

following counsel of record via electronic mail:

Jordan M. Rand, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA 19103
jrand@klehr.com
*Counsel for Defendants*

Respectfully submitted,

*/s/ Frederick P. Santarelli*

Dated: March 6, 2023

FREDERICK P. SANTARELLI
*Counsel for Plaintiff*

# EXHIBIT "D"

**IN THE UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PETROLEUM MARKETING GROUP, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNIVERSAL PROPERTY SERVICES, INC., MR3 LOGISTICS LLC, ORBIT FREIGHT LINES, LLC, and SHAMIKH KAZMI,<br><br>　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**CIVIL ACTION NO.: 22-2410**

**NOTICE OF DEPOSITION DIRECTED TO**
**UNIVERSAL PROPERTY SERVICES, INC. CORPORATE DESIGNEE**

TO:　Jordan M. Rand, Esq.　　　MR3 Logistics, LLC
　　　1835 Market Street, Suite 1400　307 Patsy Court
　　　Philadelphia, PA 19103　　　West Deptford, NJ 08066
　　　jrand@klehr.com

Please be advised that, in accordance with the provisions of Fed. R. Civ. P. 30(b)(6), Plaintiff shall conduct the deposition of Orbit Freight Lines, LLC's Corporate Designee(s) ("Orbit") commencing at 10:00 a.m. on April 11, 2023, at the offices of Elliott Greenleaf, P.C., 925 Harvest Drive, Suite 300, Blue Bell, PA 19422, with such deposition continuing until completed. The testimony shall be recorded by video, stenographic, and/or any other electronic means before a person(s) authorized by law to administer oaths.

The deposition will cover the topics listed below and you are to provide the corporate designee(s) most knowledgeable about these topics:

1. The removal of motor fuel and/or fuel product from the Woodbury Terminal.

2. The delivery of fuel on behalf of Universal.

3. The location(s) where fuel from the Woodbury Terminal was delivered, including the entities who operate businesses at those locations.

4. The use of PMG's rack-pin at the Woodbury Terminal.

5. The use of Universal's rack-pin at the Woodbury Terminal.

6. Agreements and communications between Orbit and Universal Property Services, Inc. ("Universal") related to Orbit's hauling of fuel.

7. The relationship between MR3Logistics, LLC and Orbit Freight Lines, LLC.

8. The process in which Universal compensated Orbit for Orbit's services.

9. Communications between Orbit and Universal's customers.

10. The locations (including by property address and name of store or business and contact person) of any gas stations owned and/or operated by Orbit, or its agents, representatives, executives, principals, shareholders, or members.

11. Communications between Orbit and Universal concerning Petroleum Marketing Group, Inc. ("PMG") and/or deliveries of fuel acquired from PMG.

12. The WhatsApp messages identified as UNIV1769, including the contents of the messages.

13. Communications between Universal (including its agents, directors, shareholders, or other acting on behalf of Universal), MR3 Logistics, LLC and/or Orbit Freight Lines, LLC (including their agents, directors, shareholders, or other acting on behalf of MR3 and/or Orbit) concerning this litigation and/or its subject matter.

14. Communications between Orbit and PMG.

15. Orbit's delivery of fuel acquired from a suppliers other than PMG on behalf of Universal.

Respectfully submitted,

*/s/ Frederick P. Santarelli*
FREDERICK P. SANTARELLI
ZACHARY R. GREER (admitted *pro hac vice)*
ELLIOTT GREENLEAF, P.C.
UNION MEETING CORPORATE CENTER V
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
215-977-1000
*Counsel for Plaintiff,*

Dated: March 6, 2023                     *Petroleum Marketing Group, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certified that I caused the foregoing to be served on the

following counsel of record via electronic mail:

Jordan M. Rand, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA 19103
jrand@klehr.com
*Counsel for Defendants*

Respectfully submitted,

*/s/ Frederick P. Santarelli*

Dated: March 6, 2023    FREDERICK P. SANTARELLI
*Counsel for Plaintiff*

# EXHIBIT "E"

**IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| **PETROLEUM MARKETING GROUP, INC.,** | : : : | |
| **Plaintiff,** | : : | |
| **v.** | : : | **CIVIL ACTION NO.: 22-2410** |
| **UNIVERSAL PROPERTY SERVICES, INC., MR3 LOGISTICS LLC, ORBIT FREIGHT LINES, LLC, and SHAMIKH KAZMI,** | : : : : : | |
| **Defendants.** | : : : | |

**NOTICE OF DEPOSITION DIRECTED TO
MR3 LOGISTICS, LLC**

TO:    Jordan M. Rand, Esq.       MR3 Logistics, LLC
         1835 Market Street, Suite 1400   307 Patsy Court
         Philadelphia, PA 19103        West Deptford, NJ 08066
         jrand@klehr.com

Pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff gives notice that Plaintiff will conduct deposition of MR3 Logistics, LLC commencing at 2:00 p.m. on April 11, 2023, at the offices of Elliott Greenleaf, P.C., 925 Harvest Drive, Suite 300, Blue Bell, PA 19422, with such deposition continuing until completed.  The testimony shall be recorded by video, stenographic, and/or any other electronic means before a person(s) authorized by law to administer oaths.

The matters for examination are the following:

1. The removal of motor fuel and/or fuel product from the Woodbury Terminal.

2. The delivery of fuel on behalf of Universal.

3. The location(s) where fuel from the Woodbury Terminal was delivered, including the entities who operate businesses at those locations.

4. The use of PMG's rack-pin at the Woodbury Terminal.

5.  The use of Universal's rack-pin at the Woodbury Terminal.

6.  Agreements and communications between MR3 and Universal Property Services, Inc. ("Universal") related to MR3's hauling of fuel.

7.  The relationship between MR3 and Orbit Freight Lines, LLC.

8.  The process in which Universal compensated MR3 for MR3's services.

9.  Communications between MR3 and Universal's customers.

10. The locations (including by property address and name of store or business and contact person) of any gas stations owned and/or operated by MR3, or its agents, representatives, executives, principals, shareholders, or members.

11. The location(s) (including by property address, name of store or business, and contact person) where petroleum or motor fuel was delivered related to the invoices (UNIV002789-003746) that identify the billed entity as "MR3 NJ" with an address of "MR3 NJ."

12. Communications between MR3 and Universal concerning Petroleum Marketing Group, Inc. ("PMG") and/or deliveries of fuel acquired from PMG.

13. The WhatsApp messages identified as UNIV1769, including the contents of the messages.

14. Communications between Universal (including its agents, directors, shareholders, or other acting on behalf of Universal), MR3 Logistics, LLC and/or Orbit Freight Lines, LLC (including their agents, directors, shareholders, or other acting on behalf of MR3 and/or Orbit) concerning this litigation and/or its subject matter.

15. Communications between MR3 and PMG.

16. MR3's delivery of fuel acquired from a suppliers other than PMG on behalf of Universal.

Respectfully submitted,

*/s/ Frederick P. Santarelli*
FREDERICK P. SANTARELLI
ZACHARY R. GREER (admitted *pro hac vice)*
ELLIOTT GREENLEAF, P.C.
UNION MEETING CORPORATE CENTER V
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
215-977-1000

Dated: March 6, 2023

*Counsel for Plaintiff,*
*Petroleum Marketing Group, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certified that I caused the foregoing to be served on the

following counsel of record via electronic mail:

Jordan M. Rand, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA 19103
jrand@klehr.com
*Counsel for Defendants*

Respectfully submitted,

*/s/ Frederick P. Santarelli*

Dated: March 6, 2023

FREDERICK P. SANTARELLI
*Counsel for Plaintiff*