# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETROLEUM MARKETING GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL PROPERTY SERVICES, INC., et al., <br><br> Defendants. | Civil Action No. 22-2410 (RK) (RLS) <br> (*consolidated with* <br> Civil Action No. 23-22418 (RK) (RLS)) <br><br> **MEMORANDUM OPINION** |

**SINGH, United States Magistrate Judge.**

**PRESENTLY** before the Court is a Motion by Plaintiff Petroleum Marketing Group, Inc. ("Plaintiff" or "Petroleum"), seeking the Court to Compel Defendants Universal Property Services, Inc. ("Universal"), MR3 Logistics LLC ("MR3"), Orbit Freight Lines, LLC ("Orbit"), and Shamikh Kazmi (collectively, "Defendants")[1] to produce responsive discovery, to find Defendants in contempt of the Court's March 3, 2023 Letter Order, and to impose sanctions (the "Motion"). (Doc. No. 142). Defendants have not filed any response or opposition to the Motion. The Court has fully considered the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rules 37.1 and 78.1. For the reasons set forth below, and for good cause shown, the Court **DENIES IN PART** and **GRANTS IN PART** Plaintiff's Motion.

---

[1] Though the above-captioned matters were consolidated, (*see* Doc. No. 141), the discovery requests that are the subject of this Motion do not relate to Defendants Universal Group Company, Inc. or Syed Kazmi. (*See* Doc. Nos. 142-3, -4, and -5). The Motion seeks to compel Defendants Universal, MR3, Orbit, and Shamikh Kazmi to produce certain discovery. (*See* Doc. No. 142-1 at ¶ 4). The Court, therefore, collectively refers to these four parties as "Defendants" for purposes of this Motion.

1

I.  **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

The Court has previously discussed the background of this matter in its March 3, 2023 Letter Order (Doc. No. 84) and does not reiterate it here. Nevertheless, a brief procedural history is helpful context for the instant Motion.

Since March of 2022, Defendants have delayed producing responsive documents to Plaintiff's discovery requests. (*See* Doc. No. 84). By August 18, 2022, Defendants responded to the Court's August 11, 2022 Order that there was "no legitimate excuse" for their delayed document production and that they did not object to entry of an order to compel. (Doc. No. 55). Accordingly, on August 22, 2022, the Court entered a Stipulated Order requiring Defendants to produce all documents responsive to Plaintiff's Request for Production by no later than September 15, 2022 (the "August 2022 Order"). (Doc. No. 58). While Defendants began to produce some documents, and the Court extended the deadline for productions, by November 2022, Defendants still failed to make the sought-after supplemental productions. (*See* Doc. No. 71). This resulted in Plaintiff's first motion for contempt and sanctions. (Doc. No. 71). While Plaintiff's first motion was pending, the parties advised the Court that, while much of the production was, in fact, complete, Universal had yet to produce corporate documents required to complete a valuation of Universal. (Doc. No. 77). Ultimately, on March 3, 2023, the Court granted in part and denied in part the first motion for sanctions, requiring the production of responsive documents relating to the valuation of Universal and awarding Plaintiff reasonable fees and costs associated with Defendants' failure to comply with the August 2022 Order. (Doc. Nos. 84, 98).

During this time and thereafter, Plaintiff served second and third requests for production and interrogatories. (*See* Doc. No. 142-4 and -5). Plaintiff does not attach any responses from Defendants to these requests to its Motion, but states in its brief that Defendants provided responses to the second requests on or about April 28, 2023. (Doc. No. 142-2 at pp. 5, 8). After new counsel

2

appeared on behalf of Defendants and Plaintiff initiated a related action, the parties reported that Defendants had not responded to the discovery requests served on October 9, 2023. (*See* Doc. No. 131 (January 26, 2024 status letter); Doc. No. 135 (March 6, 2024 status letter)). Notably, the parties agreed to hold off on discovery responses due by Defendants MR3 and Orbit pending a potential conflict issue with Defendants' counsel. (*See* Doc. No. 131 at p. 2). When that issue resolved without necessitating a motion to withdraw as counsel, Plaintiff sought leave to file the instant Motion, noting Defendants still had not provided the outstanding discovery responses, (Doc. No. 135), which the Court granted, (Doc. No. 139).

Through the present Motion, Plaintiff argues that Defendants continue to fail to comply with the Court's March 3, 2023 Letter Order and their discovery obligations. (*See generally* Doc. No. 142). Plaintiff asserts that "Universal has not yet produced" the corporate documents required by the Court in its March 3, 2023 Letter Order. (Doc. No. 142-2 at p. 4). It notes that it received in response to non-party subpoenas certain financial information but "believes that [U]niversal is at this time still in possession of other corporate documents necessary for the valuation[.]" (Doc. No. 142-2 at p. 4). Plaintiff further states that Defendants have not produced certain documents responsive to its second set of document requests, including:

> (1) documents and/or communications related to Universal's sale of petroleum after the Parties terminated their prior relationship; (2) documents and/or communications associated with Triangle Petroleum's alleged termination of its purported contract with Universal following the termination of the Parties' relationship; (3) documents/communications related to payments made by Universal to the Defendants MR3 Logistics, LLC and Orbit Freight Lines, LLC . . . ; and (4) documents/communications exchanged between [MR3 and Orbit] and Defendants Universal and/or Shamikh Kazmi.

3

(Doc. No. 142-2 at p. 5). Finally, Plaintiff contends Defendants have not responded to its third set of discovery requests.[2] (*See* Doc. No. 142-2 at p. 6). In light of these discovery deficiencies, Plaintiff seeks the Court to compel the production of the outstanding discovery and to find Defendants in contempt of the Court's March 3, 2023 Order, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vii). (Doc. No. 142-2 at p. 10). Plaintiff further argues that sanctions are thus appropriate, in the form of compelling Defendants to pay reasonable costs and fees associated with Plaintiff's efforts to obtain the sought-after discovery. (Doc. No. 142-2 at p. 8).

## II.  LEGAL STANDARD

Parties, generally, may seek discovery regarding any nonprivileged matter that is both relevant to a claim or defense and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). On a motion to compel discovery, the movant bears the initial burden of showing the sought-after information is discoverable and relevant, and the responding party must then proffer support for their objections. Fed. R. Civ. P. 37(a); *see Hackensack Univ. Med. Ctr. v. Becerra*, No. 21-12233, 2022 WL 3500418, at *3 (D.N.J. Aug. 18, 2022); *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990).

Rule 37 of the Federal Rules of Civil Procedure provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court in which the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). These orders may include an award of reasonable attorney fees or "treating as contempt of court the failure to obey any order." *See* Fed. R. Civ. P 37(b)(2)(A)(vii).

"Civil contempt is a means by which the Court may, if necessary, ensure that its discovery orders are obeyed." *Andrews v. Holloway*, 256 F.R.D. 136, 140 (D.N.J. 2009) (citations omitted);

---

[2] Plaintiff attaches to its Motion a list of "outstanding discovery requests." (Doc. No. 142-6).

*see also McDonald's Corp v. Victory Invs.*, 727 F.2d 82, 87 (3d Cir. 1984) ("[C]ivil contempt may be employed to coerce the defendant into compliance with the court's order and to compensate for losses sustained by the disobedience."). A plaintiff seeking a civil contempt order "must show by clear and convincing evidence: (1) that a valid court order existed; (2) that defendant had knowledge of the order; and (3) that defendant disobeyed the order." *Andrews*, 256 F.R.D. at 141 (citation omitted). However, "a court should not hold a party in contempt of court if there is ground to doubt the wrongfulness of the respondent's conduct, and any ambiguities in the order will be resolved in favor of the party charged with contempt." *Holtec Int'l v. Ameritube, LLC*, No. 17-cv-594, 2022 WL 16743657, at *2 (D.N.J. Jan. 19, 2022) (citing *Andrews*, 256 F.R.D. at 141); *see also Robin Woods Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994) ("The plaintiff has a heavy burden to show a defendant guilty of civil contempt. It must be done by 'clear and convincing evidence,' and where there is ground to doubt the wrongfulness of the conduct, he should not be adjudged in contempt." (internal quotation omitted)). If a party violates an order entered by a magistrate judge constituting civil contempt, "the magistrate judge must provide the district court judge with a certification of the relevant facts underlying the apparent violation." *Rodriguez v. Hayman*, No. 08-4239, 2013 WL 3772525, at *2 (D.N.J. July 17, 2013) (citing 28 U.S.C. § 636(e)(6)(B)(iii)).

In addition, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "A party's nondisclosure, response or opposition is 'substantially justified' if the motion raised an issue 'about which reasonable men could genuinely differ on whether a party was bound to comply with a discovery rule[.]'" *800 Cooper Fin., LLC v. Liu*, Nos. 16-cv-736, 2022 WL 17486344, at *6 n.10 (D.N.J. Dec. 7, 2022) (citations omitted).

Ultimately, resolution of Plaintiff's Motion lies within the Court's sound discretion. *See Marshak v. Treadwell*, 595 F.3d 478, 485 (3d Cir. 2009) (recognizing the district court exercises discretion in determining if a party is liable for civil contempt); *Forrest v. Corzine*, 757 F. Supp. 2d 473, 477 (D.N.J. 2010) (recognizing magistrate judges exercise broad discretion to manage discovery).

### III. DISCUSSION

Plaintiff presently seeks the Court to impose sanctions on Defendants for failure to produce the corporate documents related to Universal's valuation pursuant to the Court's March 3, 2023 Letter Order. (*See generally* Doc. No. 142). Plaintiff also asks the Court to compel Defendants to produce documents responsive to the outstanding discovery itemized in its exhibit to the Motion. (*See id.*). The Court considers each request in turn.

First, the Court considers Plaintiff's request to find Defendants in contempt of the March 3, 2023 Letter Order. Based on this record, the Court declines to certify contempt. While Plaintiff states in its brief in support of the Motion that Defendants have not produced the corporate documents required to be produced pursuant to the March 3, 2023 Letter Order and that it "believes" Defendants have in their possession responsive information, Plaintiff has not proffered any certifications to that effect or otherwise substantiated its assertion that Defendants do in fact have in their possession responsive documents that are beyond what Plaintiff already received through non-party discovery.[3] Accordingly, the Court denies without prejudice Plaintiff's Motion to the extent it seeks a finding of contempt or other sanctions based on an alleged violation of the Court's March 3, 2023 Letter Order.

---

[3] The Court's March 3, 2023 Letter Order compelled only the corporate documents relating to Universal's valuation. As such, the Court declines to find contempt based on Defendants' failures to respond to other discovery requests.

Second, the Court next considers Plaintiff's Motion to the extent it seeks to compel the outstanding discovery set forth in its exhibit. (*See* Doc. No. 142-6). Plaintiff contends that Defendants have not responded to these discovery requests. (*See* Doc. No. 142-2 at p. 6). Notably, Defendants have not opposed the requests and no objections to the requests are raised for the Court's consideration. In addition, based on the procedural history of this matter as well as the numerous conferences and need for Court intervention, it is clear that Defendants have delayed discovery and the progress of this case, often without justification. As such, the Court finds good cause to GRANT Plaintiff's Motion to compel responses to the outstanding discovery requests as set forth in its Exhibit 4 to the Motion.

## IV.    CONCLUSION

Accordingly, for the reasons set forth above, and for good cause shown, the Court DENIES IN PART Plaintiff's Motion to the extent that it seeks a certification of contempt as to Defendants and GRANTS IN PART Plaintiff's Motion to the extent that it seeks an order compelling certain discovery. An appropriate Order will follow.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**