NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETROLEUM MARKETING GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL PROPERTY SERVICES, INC., *et al.*, <br><br> Defendants. | Civil Action No. 22-2410 (RK) (RLS) <br><br> **MEMORANDUM ORDER** |

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon a Report and Recommendation ("R&R") issued by the Honorable Rukhsanah L. Singh, U.S.M.J. (ECF No. 154.) For approximately three years leading up to her R&R, Judge Singh was forced to contend with innumerable instances of Defendants[1] in this litigation flouting not only their discovery obligations to Plaintiff Petroleum Marketing Group, Inc., but also Judge Singh's direct orders.[2] In her R&R, Judge Singh

---

[1] Defendants are Universal Property Services, Inc. ("Universal"), MR3 Logistics, LLC ("MR3"), Orbit Freight Lines, LLC ("Orbit"), and Shamikh Kazmi ("Kazmi") (collectively, "Defendants"). All Defendants are represented by the same counsel.

[2] By way of background, Plaintiff filed this lawsuit on October 26, 2021 alleging that "Defendants engaged in a scheme to unlawfully take and transport thousands of gallons of [Plaintiff's] gasoline product from the petroleum terminal without paying for it, through deceptive misconduct calculated to gain access to the product, avoid detection and cover-up the misconduct." (ECF No. 1 at 1.) The Complaint alleges six claims: (i) conversion (against all Defendants); (ii) breach of an implied agreement (against Universal and Kazmi); (iii) breach of the implied duty of good faith and fair dealing (against Universal and Kazmi); (iv) unjust enrichment (against Universal and Kazmi); (v) promissory estoppel (against Universal and Kazmi); and (vi) conspiracy (against all Defendants). (ECF No. 1 ¶¶ 75–122.) On April 22, 2024, a related case (*Petroleum Marketing Group, Inc. v. Syed Kazmi, et al.*, No. 23-22418 (D.N.J.)) was consolidated with the instant case for all purposes. (ECF No. 141.) However, Judge Singh's R&R—and the Court's adoption of it herein—only pertain to the Defendants and claims in the instant case and *not* the consolidated case.

exhaustively chronicled Defendants' serial malfeasance, and while the Court finds Defendants' repeated inaction dispiriting, in stark contrast it finds Judge Singh's measured and calibrated attempts to produce compliance laudable. For example, Defendants (i) were ordered to turn over discovery on multiple occasions (*see* ECF Nos. 58, 84, 146) and failed to fully comply (*see* ECF No. 152-2 ¶ 13), (ii) were sanctioned by Judge Singh for lack of discovery compliance (*see* ECF Nos. 84, 98), and (iii) failed to comply with Judge Singh's repeated orders for Defendants to participate in the creation of joint status letters prior to conferences with Judge Singh. (*See* ECF Nos. 122, 124, 131, 135.) The final straw occurred when neither of Defendants' two counsel of record appeared or sought to be excused from an in-person conference that occurred with Plaintiff's counsel present on January 30, 2025. (*See* Minute Entry dated Jan. 30, 2025; ECF No. 154 at 6.)

Three days later, Judge Singh issued an Order to Show Cause requiring Defendants to show cause "as to why the Court should not impose sanctions on Defendants and/or counsel for Defendants, or issue other appropriate orders, pursuant to Rules 16(f) and 37(b) of the Federal Rules of Civil Procedure, which may include, among other things, sanctions and relief provided through Rule 37(b)(2))." (ECF No. 150 at 2.) Defendants did not respond to Judge Singh's Order to Show Cause beyond one of their counsel of record withdrawing. (ECF Nos, 151, 153.) Plaintiff, on the other hand, responded with an expansive brief requesting that Judge Singh strike Defendants' pleadings and award Plaintiff default judgment on all claims, as well as costs and attorney's fees. (ECF No. 152 at 1–2.)

On September 23, 2025, Judge Singh issued a thorough and well-reasoned R&R. (ECF No. 154.) She first recounted in great detail Defendants' repeated lapses in compliance with their

discovery obligations and her court orders. (*See id.* at 2–7.) She found:

> [T]he record clearly reflects Defendants' blatant disregard for the Federal Rules of Civil Procedure and the Court's Orders. Notwithstanding repeated court intervention, Plaintiffs efforts to obtain discovery that has been ordered by the Court have been thwarted by Defendants for years. There can be no dispute that Defendants have failed to obey an order permitting discovery, *see* Fed. R. Civ. P. 37(b)(2)(A), and that Defendants' counsel have failed to appear for a court-ordered conference, *see* Fed. R. Civ. P. 16(f).

(*Id.* at 10.) Next, Judge Singh comprehensively undertook an analysis of the six *Poulis* factors,[3] finding that five out of the six factors weighed in favor of striking Defendants' pleadings and entering default in favor of Plaintiff pursuant to Federal Rule of Civil Procedure 55(a), with the six factor weighing neutral. (*Id.* at 10–15.)

Finally, having recommended the entry of default pursuant to Federal Rule of Civil Procedure 55(a), Judge Singh engaged in a careful analysis of whether default judgment was appropriate against Defendants pursuant to Federal Rule of Civil Procedure 55(b). She concluded that (i) Plaintiff established that Defendants had been properly served, (ii) the Court had both subject matter jurisdiction over the case and personal jurisdiction over Defendants, and (iii) the allegations in the Complaint were sufficient to grant relief on some—but not all—of Plaintiff's claims. (*See id.* at 15–29.) Further, she concluded that consideration of the three *Chamberlain* factors[4] also supported the entry of default. (*Id.* at 30–31.) Thus, Judge Singh recommended "striking Defendants' Answers and Affirmative Defenses and Universal's Counterclaim, entering

---

[3] The *Poulis* factors are: "(1) the extent of the *party*'s personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

[4] The *Chamberlain* factors are: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

default judgment in part, subject to an application adequately establishing damages, and awarding reasonable attorneys' fees and costs subject to an appropriate application." (*Id.* at 32–33.)

After Judge Singh issued her R&R, Defendants were afforded fourteen (14) days to file any objections pursuant to Federal Rule of Civil Procedure 72(b)(2). (*See id.* at 33.) However, Defendants did not file any such objections within the allotted time period or to date. "Where no objection has been made to a report and recommendation within 14 days, the district court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record before adopting the report and recommendation." *Ballister v. Union Cnty. Dep't of Corr.*, No. 17-573, 2025 WL 1823118, at *1 (D.N.J. July 2, 2025) (citing Fed. R. Civ. P. 72(b), advisory committee notes; *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)); *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) ("[T]he district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" (citation omitted)).

The Court has independently reviewed the record, as well as Judge Singh's well-reasoned R&R, and finds no clear error on the face of the record. Therefore, for the reasons stated in the R&R,

**IT IS** on this 13th day of November, 2025,

**ORDERED** that the Court **ADOPTS** Judge Singh's unopposed R&R (ECF No. 154) in full as the opinion of the Court;

**ORDERED** that Defendants' Answers and Affirmative Defenses and Universal's Counterclaim (ECF Nos. 32, 33) are **STRICKEN**;

**ORDERED** that the Clerk of the Court is directed to enter default under Federal Rule of

Civil Procedure 55(a) against Defendants in light of Defendants' failure to "otherwise defend";

**ORDERED** that default judgment is **GRANTED** against Defendants and for Plaintiff as follows: against MR3 and Orbit (Counts I, VI of the Complaint); against Universal and Kazmi (Count II of the Complaint); and against Universal with respect to its Counterclaim (ECF No. 32);

**ORDERED** that Plaintiff shall have thirty (30) days to submit proofs as to damages as well as an application for reasonable costs and attorney's fees;[5] and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the R&R pending at ECF No. 154.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

---

[5] The Court will enter final judgment after it has assessed Plaintiff's damages proofs and its application for costs and attorney's fees.