NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETROLEUM MARKETING GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL PROPERTY SERVICES, INC. *et al.*,<br><br>Defendants. | Civil Action No. 22-2410 (RK) (RLS)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

     **THIS MATTER** comes before the Court upon Plaintiff Petroleum Marketing Group, Inc.'s ("Plaintiff") Application/Petition on Damages and Application for Costs and Attorney's Fees. ("Petition" or "Pet.," ECF No. 157.) Plaintiff filed its Petition in response to the Court's Memorandum Order adopting a Report and Recommendation ("R&R") issued by the Honorable Rukhsanah L. Singh, U.S.M.J. (ECF Nos. 154, 156.) As is relevant to Plaintiff's Petition, the Court adopted Judge Singh's recommendation to grant (1) default judgment against Defendants MR3 Logistics, LLC ("MR3") and Orbit Freight Lines, LLC ("Orbit") with respect to Plaintiff's claims for conversion and conspiracy, (2) default judgment against Defendants Universal Property Services, Inc. ("Universal") and Shamikh Kazmi ("Kazmi") with respect to Plaintiff's claim for breach of an implied agreement, and (3) Plaintiff's request for reasonable attorney's fees and costs. (ECF No. 156 at 5.) The Court ordered Plaintiff to "submit proofs as to damages as well as an application for reasonable costs and attorney's fees." (*Id.*) No Defendant has opposed.

     Because the Court concludes that Plaintiff's damages are for a "sum certain or for a sum

which can by computation be made certain, a further evidentiary inquiry is not necessary and [the Court] may enter final judgment." *Trucking Emps. of N.J. Welfare Fund, Inc. v. Moskowitz Motor Transp., Inc.*, No. 05-5606, 2007 WL 608436, at *3 (D.N.J. Feb. 23, 2007) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 55(b)). Plaintiff's Petition includes sufficient "detailed affidavits and documentary evidence" to support Plaintiff's claim for damages. *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *3 (D.N.J. July 17, 2013) (citation omitted). Specifically, Plaintiff has supported its claim for damages and attorney's fees with (1) a sworn declaration from its Treasurer Grace Garcia, ("Garcia Decl.," ECF No. 157-1 at 2–5), (2) a detailed "AR Transaction Report" for Plaintiff's transactions with Universal, ("AR Report," ECF No. 157-1 at 7), and (3) a sworn declaration from one of Plaintiff's attorneys of record Kyle M. Elliot, to which Elliot attached extensive legal invoices and time entries related to his firm's work on this matter, ("Elliot Decl.," ECF No. 157-2).

Based on Plaintiff's submissions, the Court first concludes that Plaintiff has adequately established damages totaling $390,516.86. (*See* Garcia Decl. ¶¶ 6–8; AR Report.) This amount equates to the value of the 231,246 gallons of petroleum Universal took from Plaintiff between August 1 to August 10, 2021, $667,516.86, less Universal's $177,000 partial payment and its $100,000 security deposit.[1] (Garcia Decl. ¶¶ 6–8; AR Report; ECF No. 1 ¶¶ 56, 72.)

Plaintiff has also adequately established entitlement to the following pre-judgment interest. "Because pre-judgment interest is a procedural question of law and no federal law or rule governs

---

[1] Plaintiff asserts that the combination of these three amounts—essentially $667,516.86 minus $277,000— equals $390,716.86 rather than $390,516.86. (Pet. at 3; Garcia Decl. ¶ 10.) This $200 discrepancy, which Plaintiff does not explain and appears to be a mere calculation error, does not affect the Court's ability to compute Plaintiff's damages with certainty based on Plaintiff's submitted evidence. *See Trucking Emps. of N.J. Welfare Fund, Inc.*, 2007 WL 608436, at *3.

the issue, the law of the forum—New Jersey law—applies here." *U.S. for Use of Colo. Custom Rock Corp. v. G&C Fab-Con, LLC*, No. 20-2968, 2024 WL 4356306, at *12 (D.N.J. Oct. 1, 2024) (citing *Gleason v. Norwest Mortg., Inc.*, 253 F. App'x 198, 203–04 (3d Cir. 2007)), *aff'd*, No. 24-3053, 2025 WL 3090745 (3d Cir. Nov. 5, 2025). Per the New Jersey Rules of Court, the Court "shall, in tort actions, . . . include in the judgment simple interest . . . from the date of the institution of the action or from a date 6 months after the date the cause of action arises, whichever is later." N.J. Ct. R. 4:42-11(b). For contractual and related equitable claims, "[t]he allowance of prejudgment interest is a matter of discretion for the trial court," and covers the "period during which the defendant had the benefit of monies to which the plaintiff is found to have been earlier entitled." *County of Essex v. First Union Nat'l Bank*, 891 A.2d 600, 608 (N.J. 2006) (first citing *In re Est. of Lash*, 776 A.2d 765, 773 (N.J. 2001); then quoting *Rova Farms Resort, Inc. v. Invs. Ins. Co.*, 323 A.2d 495, 512 (N.J. 1974)). Typically, this pre-judgment interest accrual date for breach of contract claims is the date the plaintiff files its complaint. *See, e.g.*, *Colo. Custom Rock Corp.*, 2024 WL 4356306, at *16 (collecting cases). For both tort and contract claims, New Jersey Court Rules provide that pre-judgment interest should be calculated based on the rate set by the "State of New Jersey Cash Management Fund (State accounts) as reported by the Division of Investment in the Department of the Treasury." *Id.* at *15; *see* N.J. Ct. R. 4:42-11(a)(ii), -11(b); *Post-Judgment and Pre-Judgment Interest Rates*, N.J. Courts (Jan. 23, 2026), https://www.njcourts.gov/sites/default/files/courts/civil/postprejudgmentrates.pdf.

First, for Universal and Kazmi, against whom the Court granted default judgment for Plaintiff's breach of an implied agreement claim, the Court concludes that pre-judgment interest is appropriate to compensate Plaintiff "for lost use of money during the pendency of the litigation."

*Colo. Custom Rock Corp.*, 2024 WL 4356306, at *13 (cleaned up) (quoting *Kerns v. Logicworks Sys. Corp.*, No. 12-4146, 2015 WL 4548733, at *2 (D.N.J. July 28, 2015)). Based on Plaintiff's filing of the Complaint on October 26, 2021 and the Court's Order and Judgment today, February 18, 2026, Plaintiff is entitled to a total of $40,517.46 in pre-judgment interest from Universal and Kazmi:

| Year | Annual Cash Management Fund Rate | Judgment | Per Diem | Days | Pre-Judgment Interest Owed |
|------|------|------|------|------|------|
| 2021 | 1.5% | $390,516.86 | $16.05 | 66 | $1,059.21 |
| 2022 | .25% | $390,516.86 | $2.67 | 365 | $976.29 |
| 2023 | .25% | $390,516.86 | $2.67 | 365 | $976.29 |
| 2024 | 3.5% | $390,516.86 | $37.34 | 366 | $13,668.09 |
| 2025 | 5.5% | $390,516.86 | $58.85 | 365 | $21,478.43 |
| 2026 | 4.5% | $390,516.86 | $48.15 | 49 | $2,359.15 |

Second, for MR3 and Orbit, against whom the Court granted default judgment on the conversion and conspiracy claims, pre-judgment interest is required as a matter of New Jersey law. *See* N.J. Ct. R. 4:42-11(b). However, unlike the discussed implied agreement claim, this pre-judgment interest began to accrue later: "6 months after [Plaintiff's] cause of action ar[ose]."[2] *Id.* Because Plaintiff's tort claims against MR3 and Orbit arose when Universal fully removed Plaintiff's petroleum on August 10, 2021, Plaintiff's pre-judgment interest for its tort claims

---

[2] As discussed hereinabove, the New Jersey Court Rule specifies that pre-judgment interest begins to accrue on the *later* of "the date of the institution of the action or from a date 6 months after the date the cause of action arises." N.J. Ct. R. 4:42-11(b). Here, Plaintiff initiated this action on October 26, 2021. (ECF No. 1.) This makes six months after the accrual of Plaintiff's claims—February 10, 2022—the "later" date under the rule.

4

against MR3 and Orbit began to accrue on February 10, 2022. (ECF No. 1 ¶ 56.) Accordingly, based on the Court's Order and Judgment today, February 18, 2026, MR3 and Orbit are jointly and severally liable for only $39,348.59 of Plaintiff's total pre-judgment interest award of $40.517.46, as calculated hereinabove:[3]

| Year | Annual Cash Management Fund Rate | Judgment | Per Diem | Days | Pre-Judgment Interest Owed |
|---|---|---|---|---|---|
| 2022 | .25% | $390,516.86 | $2.67 | 324 | $866.63 |
| 2023 | .25% | $390,516.86 | $2.67 | 365 | $976.29 |
| 2024 | 3.5% | $390,516.86 | $37.34 | 366 | $13,668.09 |
| 2025 | 5.5% | $390,516.86 | $58.85 | 365 | $21,478.43 |
| 2026 | 4.5% | $390,516.86 | $48.15 | 49 | $2,359.15 |

Pursuant to 28 U.S.C. § 1961(a), "post-judgment interest is awarded by statute as a matter of law so it is automatically added, whether or not the district court orders it." *Dunn v. HOVIC*, 13 F.3d 58, 62 (3d Cir. 1993); *see also Tinsley v. Sea-Land Corp.*, 979 F.2d 1382, 1384 (9th Cir. 1992) (per curiam) ("[Post-judgment interest] accrues from the date of a judgment whether or not the judgment expressly includes it, because such interest follows as a legal incident from the statute providing for it." (internal quotation marks omitted)). This interest is calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). For the week of February 9, 2026, the week preceding the Court's Judgment, that rate is 3.43%. *Selected Interest Rates (Daily) – H.15*, Bd. of Governors of the Fed.

---

[3] Plaintiff, of course, may not recover both amounts of pre-judgment interest for both sets of claims. *See, e.g., Pitchford v. PEPI, Inc.*, 531 F.2d 92, 109 (3d Cir. 1975) ("[A] plaintiff cannot recover its loss more than once.").

Rsrv. Sys. (Feb. 18, 2026), https://www.federalreserve.gov/releases/h15/#. Accordingly, Plaintiff is entitled to post-judgment interest on its $390,516.86 damage award consistent with this rate beginning from the entry of today's Order and Judgment.

Finally, the Court concludes that Plaintiff has provided sufficient evidence that it is reasonably entitled to $222,547.50 in attorney's fees and $1,015.22 in costs, totaling $223,562.72, in connection with Plaintiff's counsel's work "associated with Defendants' and Defendants' counsel's failures" to comply with its assorted litigation obligations. (ECF No. 154 at 32.) "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), or the "lodestar calculation," *United Auto. Workers Loc. 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 290 (3d Cir. 2007). To support a claim for fees, the requesting party must provide "fairly definite information" about the fees at issue. *Id.* at 291 (quoting *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 361 (3d Cir. 2001)).

Plaintiff's counsel's submissions provide sufficiently definite information about the attorney's fees and costs Plaintiff incurred in response to Defendants' and Defendants' counsel's litigation malfeasance, beginning with work on the parties' joint status letter in April 2023. (ECF No. 99; Elliot Decl. at 12.[4]) The Court concludes that the hourly rates of the five Elliot Greenleaf, P.C. attorneys and paralegals and the 502 hours expended in connection with this case over more than two-and-a-half years of litigation were both reasonable. (Elliot Decl. at 8–9.) While the Court notes that attorney's fees in excess of $200,000 on a judgment which is less than $400,000 might arguably appear excessive, it was the Defendants' serial flouting of Court orders and the Federal

---

[4] The Court cites to the ECF PDF page number of the Elliot Declaration so as to avoid confusion related to the included invoice page numbers.

Rules of Civil Procedure that significantly protracted the litigation and required Plaintiff's counsel to expend substantial time and resources due to Defendants' lack of cooperation and malfeasance. (*See* ECF No. 154 at 2–7.) The Court also concludes that Plaintiff's counsel's incurred costs of $1,015.22—covering service, filing, and copying costs—were likewise reasonable. (*Id.* at 9.) Accordingly, the Court approves Plaintiff's application for costs and fees and Defendants shall be jointly and severally liable for the combined amount of $223,562.72. The Court also awards post-judgment interest on this amount consistent with 28 U.S.C. § 1961(a) beginning from its entry of judgment. *Eaves v. County of Cape May*, 239 F.3d 527, 542 (3d Cir. 2001).

**CONCLUSION**

Accordingly, Plaintiff's Petition is **GRANTED IN PART**. An accompanying Order and Judgment will accompany this Memorandum Opinion.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: February ___, 2026

8